UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRELL VASHAWN ROSS,

        Petitioner,

v.                                  Case No. 2:09-cv-75
                                     HON. R. ALLAN EDGAR

BARRY DAVIS,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

      Petitioner Terrell Vashawn Ross filed this petition for writ of habeas corpus challenging his convictions for unlawful imprisonment, assault with a dangerous weapon and possession of firearm during the commission of a felony. Petitioner is currently serving a sentence of 71 to 270 months for the unlawful imprisonment, 48 to 72 months for the assault conviction, and a consecutive two years for the felony-firearm conviction. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

      Petitioner claims that:

Defendant-Appellant's convictions should be reversed because the
trial court erred in the admission of the on-the-scene identification.

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals raising his current habeas claim.  The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion.  (*People v. Ross*, Mich. Ct. App. No. 278799 (August 26, 2008)).  Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim.  The Michigan Supreme Court denied the application in an standard order.  (*People v. Ross*, Mich. S.Ct. No. 137375 (January 9, 2009)).

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state

court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.*  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412.  Rather, the application must also be "unreasonable." *Id.*  Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

- 3 -

Petitioner contends that his convictions should be reversed because the trial court erred in admission of the on-the-scene identification.  However, Respondent asserts that Petitioner's habeas claim is procedurally defaulted because Petitioner failed to contemporaneously object to the alleged error.  When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review.  *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982).  The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.  *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001).  There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question."  *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002).  A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent.  *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)).   This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence."  *Schlup*, 513 U.S. at 315, 324.

- 4 -

Petitioner failed to comply with a state procedural rule, which requires defendants in criminal cases to present their claims to the trial court before raising them on appeal.  The Michigan Court of Appeals reviewed Petitioner's claim for plain error because Petitioner failed to preserve the claim in the trial court.  Therefore, the Michigan Court of Appeals found that its review was limited to whether plain error occurred.  The contemporaneous-objection rule is an adequate and independent state ground for the state court's decision.  Petitioner has not alleged "cause" for failing to follow state procedure and "actual prejudice" as a result of an alleged violation of federal law to excuse his default.  Therefore, a miscarriage of justice will not occur as a result of the Court's failure to consider the substantive merits of Petitioner's claim.  Accordingly, Petitioner's habeas claim is procedurally defaulted.

Even setting aside the procedural default, Petitioner's claim is noncognizable and without merit.  Petitioner's brief in the state courts and on habeas relies solely on Michigan law.  To the extent Petitioner alleges that the trial court admitted the victim's identification testimony in violation of Michigan law, Petitioner's claims must fail in this proceeding.  A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988).

Furthermore, the Michigan Court of Appeals rejected Petitioner's claim, concluding that the admission of the identification testimony did not violate state law.  The Court explained that:

> Defendant argues that the on-the-scene identification in the case was unduly suggestive because officers told the victim that they had the suspect and defendant was handcuffed and placed in the police cruiser at the time of the identification.  We disagree.  When considering the totality of the circumstances, the identification process was not impermissibly suggestive.  See *People v. Hornsby*, 251 Mich App 462, 466; 60 NW2d 700 (2002).  The identification took place

- 5 -

quickly, within 15 minutes after the assault, and the victim never wavered in her decision that defendant was her attacker, indicating that she knew what her attacker looked like. The victim had seen defendant on other occasions, including an earlier incident in which defendant verbally assaulted her. When she gave the officers the assailant's description she was asked whether this was the same individual with whom she had quarreled in January 2006. She answered affirmatively and the officer stated, "Terrell Ross." Defendant admitted in an interview that he made the January 2006 statements. Additionally, the victim had sufficient time to observe and interact with defendant during her ordeal. She could see the back of defendant's head and noted that he had a design cut into the back of his hair. Thus, the identification was made based on the victim's observations before and during the attack and was not based solely on defendant's position in the police car. Finally, defendant's attorney questioned the victim about her ability to perceive and identify defendant as the assailant and argued that the identification procedure was unduly suggestive and unreliable. Defendant was, therefore, able to raise the issue of whether the victim correctly identified him as her attacker.

Michigan Court of Appeals' Opinion (Docket #17) at 1-2.

Due process forbids pretrial identification that is, under the totality of the circumstances, unnecessarily suggestive and conducive as to give rise to a very substantial likelihood of irreparable identification. *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967); *Simmons v. United States*, 390 U.S. 377, 384 (1968). In *Neil v. Biggers*, the Supreme Court found that identification procedure obtained through suggestive means may still be admissible if they are reliable. *Neil v. Biggers*, 409 U.S. 188, 196-97 (1972). The central question is "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." *Id*. at 199.

[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation. *Id*. at 199-200.

- 6 -

Under the total circumstances present in this case, the identification was not impermissibly suggestive or, even if it was, the identification was reliable and therefore admissible. The victim here had seen Petitioner on several occasions prior to the assault. She also documented the prior verbal assault in her journal. She was able to view Petitioner during the assault, and noted a distinctive identifying mark, the cut in the back of his hair. Thus, applying the analysis from *Neil v. Biggers*, the on-the-scene identification was admissible in the trial court. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 12, 2011

- 8 -